IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| V. | ) Cr. No. 7:19-CR-00081-02 |
| | ) |
| ANTHONY BRIAN BARNETT. | ) |
|     Defendant. | ) |

MOTION TO CONTINUE JURY TRIAL

This case is set for trial on October 5-7, 2020. However, the Defendant respectfully requests a continuance of this matter for the following reasons.

(1) Mr. Barnett is incarcerated in the Roanoke City Jail. Within the past few weeks several inmates and staff at that facility have tested positive for COVID-19. Moreover, the COVID-19 virus has continued to threaten the health and safety of the public at large. Thus, having a jury trial within the next thirty days would pose a health risk to everyone involved.

(2) Moreover, a continuance is necessary because currently Counsel's ability to meet with Mr. Barnett in order to prepare for trial is curtailed. There is obvious risk in any visitation at the Roanoke City Jail during its COVID-19 outbreak. Even before the outbreak, contact visitation was prohibited, making review of evidence with the Defendant nearly impossible. These circumstances could have an impact on Mr. Barnett's Sixth Amendment right to counsel if he were forced to go to go to trial during this pandemic.

(3) Additionally, a jury trial during the pandemic would prejudice Mr. Barnett's right to confront the witnesses against him. The Constitution guarantees the Defendant the right to

1

confront witnesses against him. An essential component of that right is "the opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *See Mattox v. United States,* 156 U.S. 237, 242 (1896)*; accord Maryland v. Craig,* 497 U.S. 836, 845 (1990); *Coy v. Iowa,* 487 U.S. 1012 (1988). Compelling witnesses to testify in a face covering would obviously impair the jury's capacity to judge the witnesses' facial expressions and demeanor when "standing face to face" and "looking at" the witnesses

(4) The Speedy Trial Act permits a continuance of this trial. The Act generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance. 18 U.S.C. Section 3161(c)(1). This requirement protects the interests of the defendant and the public in a speedy trial. Zedner v. United States, 126 S.Ct. 1976 (2006); United States v. Henry, 538 F.3rd 300, 303 (4th Cir. 2008). "To allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by granting of … [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." Henry, 538 F.3rd at 303; 18 U.S.C. § 3161(h)(7)(A). Significantly, the Act's "primary procedural limit requires the district court to 'set [] forth, either orally or in writing, its reasons for finding' that a continuance is warranted under the provision." Henry, 538 F.3d at 303.

(5) Section 3161(h)(7)(B) of the Act provides factors to be considered by the Court in determining whether to grant a continuance. These factors include whether the failure to grant a

continuance would deny the Defendant continuity of counsel or the reasonable time necessary for effective preparation, taking into account due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). These factors must be weighed by the Court in deciding whether the ends of justice served by the granting of a continuance outweigh the best interests of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) <u>Zedner v. United</u> States, 126 S.Ct. 1976 (2006).

(6) Defendant submits that for the reasons outlined in paragraphs one through three, including but not limited to the Constitutional implications of a jury trial during the pandemic, the ends of justice served by the granting of a continuance outweigh the best interests of the public and the Defendant in a speedy trial.

(7) Defendant waives speedy trial.

Accordingly, the Defendant respectfully moves the Court to continue his jury trial. The parties will confer with the Court to determine a mutually convenient new trial date.

                                            Respectfully Submitted,
                                            Anthony Brian Barnett

                                            By: <u>S/Anthony F. Anderson</u>
                                                 Counsel

Anthony F. Anderson, Esq.
Melissa W. Friedman, Esq.
ANDERSON & FRIEDMAN
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia 24007
(540) 982-1525
afalaw@afalaw.com
 Counsel for Defendant

CERTIFICATE OF SERVICE

      I hereby certify that this 8th day of September 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all counsel of record.

                                      s/ Anthony F. Anderson
                                      Anderson & Friedman
                                      1102 Second Street, S. W.
                                      P. O. Box 1525
                                      Roanoke, Virginia 24007
                                      (540) 982-1525
                                      (540) 982-1539 (Fax)
                                      afa@afalaw.com