IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| V. | )   Case No. 7:19-CR-00081 |
| | ) |
| ANTHONY BRIAN BARNETT, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO CONTINUE**

(1) This case is set for trial on June 1, 2021. Counsel and Defendant need additional time to prepare for trial. The United States has indicated they have no objection to a continuance. For these reasons, a denial of this motion would deprive the defendant and his counsel reasonable time necessary to prepare for trial, taking into account due diligence.

(2) The Speedy Trial Act generally requires that a criminal trial begin within seventy days of the filing of an information or indictment or the defendant's initial appearance. 18 U.S.C. Section 3161(c)(1). This requirement protects the interests of the defendant and the public in a speedy trial. Zedner v. United States, 126 S.Ct. 1976 (2006); United States v. Henry, 538 F.3rd 300, 303 (4th Cir. 2008). "To allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by granting of … [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." Henry, 538 F.3rd at 303; 18 U.S.C. § 3161(h)(7)(A). Significantly, the Act's "primary procedural limit requires the district court to 'set [] forth, either orally or in writing, its reasons for finding' that a continuance is warranted under the provision." Henry, 538 F.3d at 303.

(3) Section 3161(h)(7)(B) of the Act provides factors to be considered by the Court

in determining whether to grant a continuance. These factors include whether the failure to grant a continuance would deny the Defendant continuity of counsel or the reasonable time necessary for effective preparation, taking into account due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). These factors must be weighed by the Court in deciding whether the ends of justice served by the granting of a continuance outweigh the best interests of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) Zedner v. United States, 126 S.Ct. 1976 (2006).

(4) Defendant submits that for the reasons outlined in the paragraphs above, the ends of justice served by the granting of a continuance outweigh the best interests of the public and the Defendant in a speedy trial and sentencing.

Accordingly, the Defendant respectfully moves the Court to continue the hearing.

Respectfully submitted,
ANTHONY BRIAN BARNETT

By: */s/ Anthony F. Anderson*
Counsel

Anthony F. Anderson, Esq. (VSB #21345)
ANDERSON LEGAL
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia  24007
(540) 982-1525
afalaw@afalaw.com
Counsel for Defendant

2

## CERTIFICATE OF SERVICE

      I hereby certify that this 28th day of May, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all counsel of record.

                                      */s/ Anthony F. Anderson*